United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-61073
Summary Calendar

LINDA K EVERETT

                Plaintiff - Appellant

v.

STATE OF MISSISSIPPI; ET AL

                Defendants

STATE OF MISSISSIPPI; DEPARTMENT OF WILDLIFE, FISHERIES
AND PARKS
                Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
No. 1:99-CV-477-BRR

Before KING, Chief Judge, and HIGGINBOTHAM and WIENER, Circuit
Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Linda Everett filed a Title VII lawsuit

alleging that Defendants-Appellees, the State of Mississippi and

its Department of Wildlife, Fisheries and Parks, unlawfully

discriminated against her on the basis of her gender by promoting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a male employee to a position in her geographic area while concealing the position's location from her, thus dissuading her from applying for the promotion. The district court granted the State's motion for summary judgment, concluding that Everett failed to state a prima facie case of sex discrimination. For the following reasons, we AFFIRM.

## I. BACKGROUND

Everett is a permanent, part-time General Service Employee ("GSE") employed by the Mississippi Department of Wildlife, Fisheries and Parks at the Lower Pascagoula River Wildlife Management Area ("WMA"). In early 1998, the Mississippi Legislature approved upgrading a similar GSE position in the Upper Pascagoula WMA and Red Creek and Old River WMA to a "conservation technician" position. The upgrade was to become effective on July 1, 1998; however, Donnie Dickerson, who held the post, received a promotion and the job was reallocated to another employee, Mike Holland. Dissatisfied with the job, Holland resigned, leaving the soon-to-be-upgraded position vacant.

The Department then sought to fill the vacancy through an informal application process. Gary Welford, the supervisor for the subdistrict, discussed the opening with Michael Everett, the plaintiff's supervisor and husband. Mr. Everett mentioned one individual whom he thought would be interested in the position, but he did not mention his wife. Eventually, in May 1998,

Welford hired Ben Hare, who had previously held the GSE position at the same location. After passing the qualifying test, Hare was promoted in accordance with the position upgrade.

Everett admits that she was aware the GSE position was open and subject to an upgrade. She claims that she chose not to apply for the position, however, because she believed it involved working only on the Upper Pascagoula WMA, twenty miles from her home. Nevertheless, after Hare received the promotion, Everett alleges that she discovered that Hare's duties actually spanned both the Upper and the Lower Pascagoula WMAs. She claims that, had she been aware of this aspect of the job, she would have applied for the position. In addition, Everett contends that she eventually asked Lonnie Rayburn, the District Manager, why she had not been considered for the vacancy. Rayburn stated that he was not involved in the selection process and therefore did not know why she was not asked to apply. But he speculated that, if he had been involved, he might not have considered her because he would have assumed that she was not interested in working at a location (the Upper Pascagoula WMA) far from her husband, her home, and her children.

Everett subsequently filed a complaint with the Equal Employment Opportunity Commission alleging that she was denied the promotion due to sex discrimination. After exhausting her administrative remedies, she filed suit under Title VII in federal district court. The district court granted the

Department's motion for summary judgment, after finding that Everett could not establish a prima facie case of employment discrimination because she knew about the opening and its promotion potential but failed to apply for the position. Further, the court found that, although Everett may have been confused about the location of the job, she had not shown that this confusion was caused by the Department since the position was, in fact, located on the Upper Pascagoula WMA. Everett appeals from that judgment.

## II. DISCUSSION

We review a district court's grant of summary judgment de novo, applying the same standard as the district court. Fierros v. Tex. Dep't of Health, 274 F.3d 187, 190 (5th Cir. 2001). Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); see also Blow v. City of San Antonio, 236 F.3d 293, 296 (5th Cir. 2001). We will affirm the district court's conclusion that the moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Importantly, however, "the nonmoving party must do more than allege an issue

of material fact: 'Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" Auguster v. Vermilion Parish Sch. Bd., 249 F.3d 400, 402 (5th Cir. 2001) (alteration in original) (quoting Celotex, 477 U.S. at 324).

Under the familiar McDonnell Douglas burden-shifting framework, to establish a prima facie claim of sex discrimination based on a failure to promote, a plaintiff must demonstrate: "(1) that she was a member of a protected group; (2) that she applied for a position for which she was qualified; (3) that she was rejected; and (4) that . . . the employer promoted . . . a member of the opposite sex for the job." Jones v. Flagship Int'l, 793 F.2d 714, 724 (5th Cir. 1986).[1] "The application requirement is important to establishing" the prima facie case "because it shows

---

[1]    Everett appears to argue that Rayburn's statements constitute direct evidence of sex discrimination and that she need not follow the McDonnel Douglas framework.  See Auguster, 249 F.3d at 404 n.7.  We disagree.  While Everett argues that Rayburn had the apparent authority to make the adverse employment decision, she has not proffered any evidence showing that Rayburn was the decision-maker responsible for filling the vacancy or that he exerted influence or leverage over the actual decision-maker.  Instead, the undisputed evidence in the summary-judgment record demonstrates that Welford was responsible for selecting Hare for the position in question.  Thus, Rayburn's speculative statement--that, had he been responsible for the promotion decision, he might not have considered Everett because she was a married woman with children who lived far from the job site--does not constitute direct evidence of intentional discrimination or relieve Everett of her prima facie burden of proof.  Cf. Russell v. McKinney Hosp. Venture, 235 F.3d 219, 225-27 (5th Cir. 2000).

that the decision-maker knew about the plaintiff and the plaintiff's interest in the position." Walker v. Prudential Prop. & Cas. Ins. Co., 286 F.3d 1270, 1275 (11th Cir. 2002). Everett argues that she need not demonstrate that she applied for the position, however, because she has alleged that the Department deliberately concealed from both her and her husband an important fact regarding the job (i.e., its geographic location), specifically to prevent her from expressing interest in the position. In the past, we have held that, where an employer does not publish a vacancy or create a formal application process, a plaintiff need not prove that she applied for the position in order to make out a prima facie case of discrimination. See Bernard v. Gulf Oil Corp., 841 F.2d 547, 570 (5th Cir. 1988); see also Dews v. A.B. Dick Co., 231 F.3d 1016, 1021-22 (6th Cir. 2000) (following Carmichael v. Birmingham Saw Works, 738 F.2d 1126, 1132-33 (11th Cir. 1984)). Instead, a plaintiff may satisfy her prima facie burden by proffering evidence "that the company had some reason or duty to consider her for the post." Jones, 793 F.2d at 724; accord Johnson v. Louisiana, 351 F.2d 616, 622 (5th Cir. 2003); Bernard, 841 F.2d at 570 ("It is not legally sufficient or legitimate for an employer to reject an employee who does not have notice or an opportunity to apply for a promotion.").

Our precedents have not addressed the question whether an employee who is aware of a promotion opportunity, but does not

find it attractive due to misinformation, may similarly avoid the application requirement. While we are cognizant of the logic behind applying the exception in these situations, we do not believe that Everett has proffered any evidence suggesting that the Department affirmatively concealed this information from her. She admitted in her deposition that she believed the to-be-upgraded position was located in the Upper Pascagoula WMA because it was labeled with PIN # 706, the number that had been assigned to the GSE position previously held by Hare, Dickerson, and Holland, whose only duties involved the Upper Pascagoula. After Hare was hired and promoted, Everett claims that she read a letter sent by one member of the Department administration to another, which identified Hare's duties as including both the Upper and the Lower Pascagoula locations. While her sworn statement regarding the contents of this letter may create a question of fact about the scope of Hare's actual duties, it does not reasonably create an inference that the Department deliberately misled either her or her husband. Everett provides no evidence, for example, that Hare or other potential applicants were provided different, potentially more accurate information about the job or that the Department's sole motivation for retaining the PIN number was to prevent only her from applying. Therefore, because Everett had notice of the promotion opportunity and has admitted that she had a mechanism for

expressing interest but chose not to do so, we hold that she has failed to state a prima facie case of discrimination.

### III. CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.